UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

STEFAN GETZIK
320 Crabapple Drive
Washington, Pennsylvania 15301

    and                              Case No.: 20-cv-234

JULIE GETZIK                        **JURY TRIAL DEMANDED**
320 Crabapple Drive
Washington, Pennsylvania 15301

        Plaintiffs,

      v.

HENDRICKSON CHIROPRACTIC OFFICE, S.C.
2020 Jackson Street
Oshkosh, Wisconsin 54901

    and

JANA L. GARL
2020 Jackson Street
Oshkosh, Wisconsin 54901

        Defendants

---

## COMPLAINT

---

COMES NOW Plaintiffs, Stefan Getzik and Julie Getzik , by their counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, Hendrickson Chiropractic Office, S.C. and Jana Garl, allege and show to the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Stored Communications Act, as amended, 18 U.S.C. §§ 2701 *et seq.* ("SCA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), and Wisconsin common law defamation, and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and/or operate their business in the Eastern District of Wisconsin and the unlawful actions, conduct, and employment practices of which Plaintiffs complain occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Stefan Getzik, is an adult male resident of the State of Pennsylvania with a post office address of 320 Crabapple Drive, Washington, Pennsylvania 15301.

5. Plaintiff, Julie Getzik, is an adult female resident of the State of Pennsylvania with a post office address of 320 Crabapple Drive, Washington, Pennsylvania 15301.

6. Plaintiff Stefan Getzik and Plaintiff Julie Getzik are spouses.

7. Defendant, Hendrickson Chiropractic Office, S.C. (hereinafter simply "Defendant Company"), was, at all material times herein, a commercial entity with a principal address of 2020 Jackson Street, Oshkosh, Wisconsin 54901.

8. Defendant, Jana L. Garl (hereinafter simply "Defendant Garl"), was, at all material times herein, an individual resident of the State of Wisconsin with a principal address of 2020 Jackson Street, Oshkosh, Wisconsin 54901.

9. Defendant Company is a chiropractic office.

10. Gerald F. Hendrickson owns, operates, and manages Defendant Company.

11. Defendant Garl is Gerald F. Hendrickson's spouse.

12. During the relevant time periods as stated herein, Defendant Garl, in addition to Gerald F. Hendrickson, owned, operated, and managed Defendant Company.

13. During the relevant time periods as stated herein, Defendant Company was an "employer" as that term is defined under the WWPCL.

14. During the relevant time periods as stated herein, Plaintiffs were "employed" by and/or "employees" of Defendant Company, as these terms are defined under the WWPCL.

## GENERAL ALLEGATIONS

15. On or about September 1, 2019, Defendant Company hired Plaintiff Stefan Getzik as a Chiropractor.

16. During Plaintiff Stefan Getzik's employment with Defendant Company, Defendant Company compensated Plaintiff Stefan Getzik on a salaried basis, in addition to other forms of compensation for hours worked and work performed.

17. In approximately November 2019, Defendant Company hired Plaintiff Julie Getzik as an Office Employee.

18. During Plaintiff Julie Getzik's employment with Defendant Company, Defendant Company compensated Plaintiff Julie Getzik on an hourly basis.

19. During Plaintiffs' employment with Defendant Company, Defendant Company compensated Plaintiffs on approximately a bi-weekly basis via check.

20. During Plaintiffs' employment with Defendant Company and in December 2019, Plaintiffs performed compensable work at Defendant Company's direction, for Defendant Company's benefit, and/or with Defendant Company's knowledge.

21. On or about December 23, 2019, Plaintiffs' employment with Defendant Company ended.

22. After the end of Plaintiffs' employment with Defendant Company on or about December 23, 2019, Defendant Company did not compensate Plaintiffs for all hours worked and work performed in December 2019 at Defendant Company's direction, for Defendant Company's benefit, and/or with Defendant Company's knowledge.

23. To date, Defendant Company has not compensated Plaintiffs for all hours worked and work performed in December 2019 at Defendant Company's direction, for Defendant Company's benefit, and/or with Defendant Company's knowledge.

24. During Plaintiffs' employment with Defendant Company, Defendant Company suffered or permitted Plaintiffs to work without appropriately and lawfully compensating them for all hours worked each workweek in December 2019.

25. During Plaintiffs' employment with Defendant Company, Plaintiffs' paychecks did not properly or lawfully compensate them for all hours worked each workweek in December 2019.

26. Defendant Company knew or should have known that Plaintiffs must be compensated for any and all hours worked (and for any and all hours Defendant Company suffered or permitted them to work) each workweek in December 2019 in accordance with the WWPCL.

27. Defendant Company had a statutory duty to comply with the WWPCL and to remedy WWPCL violations of which it was aware and/or of which it should have been aware.

28. Defendant Company owes Plaintiffs earned and unpaid wages for work performed in December 2019 and during Plaintiffs' employment with it for which Plaintiffs were not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

29. After the end of Plaintiff Stefan Getzik's employment with Defendant Company on or about December 23, 2019, Defendant Garl accessed Plaintiff Stefan Getzik's personal Gmail e-mail account – "drstefangetzikdc@gmail.com" – via Defendant Company's desktop computer(s).

30. After the end of Plaintiff Stefan Getzik's employment with Defendant Company on or about December 23, 2019, Defendant Garl accessed Plaintiff Stefan Getzik's personal Gmail e-mail account – "drstefangetzikdc@gmail.com" – via Defendant Company's desktop computer(s) without Plaintiff Stefan Getzik's authorization or permission.

31. After the end of Plaintiff Stefan Getzik's employment with Defendant Company on or about December 23, 2019, employees of Defendant Company, of their own volition and/or at the direction of Defendant Garl, accessed Plaintiff Stefan Getzik's personal Gmail e-mail account – "drstefangetzikdc@gmail.com" – via Defendant Company's desktop computer(s).

32. After the end of Plaintiff Stefan Getzik's employment with Defendant Company on or about December 23, 2019, employees of Defendant Company, of their own volition and/or at the

direction of Defendant Garl, accessed Plaintiff Stefan Getzik's personal Gmail e-mail account – "drstefangetzikdc@gmail.com" – via Defendant Company's desktop computer(s) without Plaintiff Stefan Getzik's authorization or permission.

33. After the end of Plaintiff Stefan Getzik's employment with Defendant Company on or about December 23, 2019, Defendant Garl and employees of Defendant Company, without Plaintiff Stefan Getzik's authorization or permission, accessed Plaintiff Stefan Getzik's personal Gmail e-mail account – "drstefangetzikdc@gmail.com" – via Defendant Company's desktop computer(s) and read through Plaintiff Stefan Getzik's personal emails and information, printed copies of Plaintiff Stefan Getzik's personal emails and information, and electronically forwarded Plaintiff Stefan Getzik's personal emails and information to third parties, including but not limited to Defendant Company's legal counsel.

34. After the end of Plaintiff Stefan Getzik's employment with Defendant Company on or about December 23, 2019, Defendant Garl, without Plaintiff Stefan Getzik's authorization or permission, accessed Plaintiff Stefan Getzik's personal Gmail e-mail account – "drstefangetzikdc@gmail.com" – via Defendant Company's desktop computer(s), printed copies of Plaintiff Stefan Getzik's personal emails and information, and paraded said emails and information around Defendant Company, exclaiming: "You're not going to believe this email!"

35. Upon information and belief and after the end of Plaintiff Stefan Getzik's employment with Defendant Company on or about December 23, 2019, Defendant Garl and employees of Defendant Company, without Plaintiff Stefan Getzik's authorization or permission, accessed Plaintiff Stefan Getzik's personal Gmail e-mail account – "drstefangetzikdc@gmail.com" – via Defendant Company's desktop computer(s) because Plaintiff Stefan Getzik's password for his personal Gmail e-mail account was saved on Defendant Company's desktop computer(s).

36. After the end of Plaintiff Stefan Getzik's employment with Defendant Company on or about December 23, 2019, Defendant Garl communicated false statements about and/or regarding Plaintiff Stefan Getzik to third parties, current and/or former patients of Defendant Company, and/or individuals other than Plaintiff Stefan Getzik, including but not limited to: that Defendant Garl "found porn in [Plaintiff Stefan Getzik's] email account," or words to that effect; and that Plaintiffs were "swingers."

37. After the end of Plaintiff Stefan Getzik's employment with Defendant Company, the false statements about and/or regarding Plaintiff Stefan Getzik that Defendant Garl communicated to third parties, current and/or former patients of Defendant Company, and/or individuals other than Plaintiff Stefan Getzik, as identified herein, were intended to harm Plaintiff Stefan Getzik.

38. After the end of Plaintiff Stefan Getzik's employment with Defendant Company, the false statements about and/or regarding Plaintiff Stefan Getzik that Defendant Garl communicated to third parties, current and/or former patients of Defendant Company, and/or individuals other than Plaintiff Stefan Getzik, as identified herein, were damaging and harmful to Plaintiff Stefan Getzik's reputation and image.

**FIRST CAUSE OF ACTION – STORED COMMUNICATIONS ACT VIOLATIONS**

39. Plaintiffs reassert and incorporate by reference all paragraphs set forth above as if restated herein.

40. Defendants intentionally accessed Plaintiff Stefan Getzik's personal e-mail account, without his authorization or permission, in reckless disregard for his federally protected rights under the Store Communications Act, 18 U.S.C. §§ 2701 *et. seq.*

41. As a result of Defendants' actions, Plaintiff Stefan Getzik has suffered statutory damages and incurred attorneys' fees and costs.

## SECOND CAUSES OF ACTION – WWPCL VIOLATIONS

42. Plaintiffs reassert and incorporate by reference all paragraphs set forth above as if restated herein.

43. At all times material herein, Plaintiffs were employees of Defendant Company within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

44. At all times material herein, Defendant Company was an employer of Plaintiffs within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

45. At all times material herein, Defendant Company employed Plaintiffs within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

46. At all times material herein, Plaintiffs regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

47. During Plaintiffs' employment with Defendant Company, Plaintiffs performed compensable work at Defendant Company's direction, for Defendant Company's benefit, and with Defendant Company's knowledge without receiving compensation for any and all hours worked and work performed at their regular hourly rates of pay and/or at their agreed-upon wage(s), in accordance with and as defined in Wis. Stat. § 109.01(3), in violation the WWPCL.

48. Since the end of Plaintiffs' employment with Defendant Company on or about December 23, 2019, Defendant Company has not compensated Plaintiffs for all hours worked and work performed during their respective periods of employment with Defendant Company and at their regular hourly rates of pay and/or at their agreed-upon wage(s), in accordance with and as defined in Wis. Stat. § 109.01(3), in violation the WWPCL.

49. Wis. Stat. § 109.03 requires payment of all wages earned by employees to a day not more than thirty-one (31) days prior to the date of payment.

50. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

51. As set forth above, Plaintiffs sustained losses in compensation as a proximate result of Defendant Company's violations. Accordingly, Plaintiffs seek damages in the amount of their unpaid compensation, injunctive relief requiring Defendant Company to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

52. Plaintiffs seek recovery of attorneys' fees and the costs of this action to be paid by Defendant Company, pursuant to the WWPCL.

**THIRD CAUSE OF ACTION – DEFAMATION**

53. Plaintiffs reassert and incorporate by reference all paragraphs set forth above as if restated herein.

54. After the end of Plaintiff Stefan Getzik's employment with Defendant Company, Defendant Garl communicated false statements about and/or regarding Plaintiff Stefan Getzik to third parties and/or individuals other than Plaintiff Stefan Getzik, as identified herein.

55. After the end of Plaintiff Stefan Getzik's employment with Defendant Company, the false statements about and/or regarding Plaintiff Stefan Getzik that Defendant Garl communicated to third parties and/or individuals other than Plaintiff Stefan Getzik, as identified herein, were intended to harm Plaintiff Stefan Getzik.

56. After the end of Plaintiff Stefan Getzik's employment with Defendant Company, the false statements about and/or regarding Plaintiff Stefan Getzik that Defendant Garl communicated to third parties and/or individuals other than Plaintiff Stefan Getzik, as identified herein, were not privileged.

57. After the end of Plaintiff Stefan Getzik's employment with Defendant Company, the false statements about and/or regarding Plaintiff Stefan Getzik that Defendant Garl communicated to third parties and/or individuals other than Plaintiff Stefan Getzik, as identified herein, were damaging and harmful to Plaintiff Stefan Getzik's reputation and image.

58. As a result of Defendant Garl's unlawful conduct as described herein, Plaintiff Stefan Getzik has suffered damages in the form of emotional distress, pain and suffering, loss of reputation, and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

1. Order civil damages against Defendants consistent with the Stored Communications Act and in amounts the Court deems just and equitable;

2. Order Defendant Company to make Plaintiffs whole by providing reimbursement for unpaid wages, for pre-judgment and post-judgment interest, and for all times spent

performing compensable work for which Plaintiffs were not properly paid under the WWPCL;

3. Order Defendants to make Plaintiff Stefan Getzik whole by providing appropriate monetary damages in the form of compensatory damages and/or punitive damages as provided by the Stored Communications Act and under Wisconsin common law;

4. Grant to Plaintiffs liquidated damages against Defendant Company under the WWPCL;

5. Grant to Plaintiffs attorneys' fees, costs, and disbursements as provided by the Stored Communications Act and the WWPCL; and

6. Grant to Plaintiffs whatever other relief this Court deems necessary and proper.

**PLAINTIFFS DEMAND A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 14th day of February, 2020

                                WALCHESKE & LUZI, LLC
                                Counsel for Plaintiffs

                                ***s/ Scott S. Luzi***
                                James A. Walcheske, State Bar No. 1065635
                                Scott S. Luzi, State Bar No. 1067405
                                David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
dpotteiger@walcheskeluzi.com
sluzi@walcheskeluzi.com